**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1769

SOUMANA SANOU,

              Petitioner,

        v.

UNITED STATES DEPARTMENT OF JUSTICE; BOARD OF IMMIGRATION
APPEALS; MICHAEL B. MUKASEY, Attorney General,

              Respondents.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  July 11, 2008          Decided:  July 24, 2008

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Brian I. Kaplan, GOLDBERG & KAPLAN, LLP, New York, New York, for
Petitioner.  Peter D. Keisler, Assistant Attorney General, Stephen
J. Flynn, Senior Litigation Counsel, Arthur L. Rabin, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Soumana Sanou, a native and citizen of Burkina Faso, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order finding him removable and denying his applications for asylum, withholding from removal, and relief under the Convention Against Torture ("CAT"). Sanou challenges the immigration judge's adverse credibility finding, arguing it was not supported by substantial evidence. We deny the petition for review.

The Immigration and Naturalization Act ("INA") authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). The INA defines a "refugee" as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). An applicant can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2007). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

An applicant has the burden of demonstrating his eligibility for asylum. 8 C.F.R. § 1208.13(a) (2007); Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). A determination regarding eligibility for asylum is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). This court will reverse the Board "only if the evidence presented by the petitioner was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted).

We find sufficient evidence supports the Board's adverse credibility finding and the record does not compel a different result. Because Sanou failed to establish past persecution or that he had a well-founded fear of persecution because of his alleged political activities, we will not disturb the Board's denial of Sanou's applications for asylum and withholding from removal. Furthermore, we find that substantial evidence supports the Board's finding that Sanou was not eligible for protection under the CAT.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED